UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CHARLES ADRIAN FORD,

    *Petitioner*,

vs.

STATE OF NEVADA, *et al.,*

    *Respondents*.

Case No. 2:17-cv-00112-RFB-VCF

**ORDER**

This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's second application (ECF No. 5) to proceed *in forma pauperis*, on his previously-denied motion (ECF No. 2) for appointment of counsel, and for initial review under Rule 4 of the Rules Governing Section 2254 Cases.

The Court finds that petitioner is unable to pay the filing fee within a reasonable time and therefore will grant the pauper application.

The Court further will vacate the prior denial without prejudice of petitioner's motion for appointment of counsel. The Court finds that appointment of counsel is in the interests of justice taking into account: (1) the lengthy sentence structure, including multiple concurrent sentences of ten years to life consecutive to sentences in the aggregate of 36 to 108 months, followed by a special sentence of lifetime supervision and a registration requirement as a sexual offender; (2) the number and complexity of potential claims; (3) the potentially complex procedural issues pertaining to the timeliness of the federal petition and procedural default;

and (4) petitioner's relatively limited demonstrated ability to articulate his claims in proper person with the resources available to him. The motion accordingly will be granted.

IT THEREFORE IS ORDERED that petitioner's application (ECF No. 5) to proceed *in forma pauperis* is GRANTED and that petitioner shall not be required to pay the filing fee.

IT FURTHER IS ORDERED that the Clerk of Court shall file the petition and that the State of Nevada is DISMISSED as a respondent herein.[1]

IT FURTHER IS ORDERED that the Court's prior denial of petitioner's motion (ECF No. 2) for appointment of counsel is VACATED and that the motion is GRANTED. The counsel appointed will represent petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

IT FURTHER IS ORDERED that the Federal Public Defender shall be provisionally appointed as counsel and shall have thirty (30) days to undertake direct representation of petitioner or to indicate to the Court the office's inability to represent petitioner in these proceedings. If the Federal Public Defender is unable to represent petitioner, the Court then shall appoint alternate counsel. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates, given the number of potential claims herein and the associated investigation potentially involved, setting the deadline for approximately one hundred twenty (120) days from entry of the formal order of appointment. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein

---

[1] The filing of the petition does not signify that the petition is free of deficiencies. *Inter alia*, the petition is neither signed nor verified; petitioner failed to name his custodian as a respondent; and he improperly named the State of Nevada as a respondent, which is immune from suit in federal court under the Eleventh Amendment. The State will be dismissed, and petitioner must name a proper respondent in any counseled amended petition filed.

are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

IT FURTHER IS ORDERED, so that the respondents may be electronically served with any papers filed through counsel, that the Clerk shall add state attorney general Adam P. Laxalt as counsel for respondents and shall make informal electronic service of this order upon respondents by directing a notice of electronic filing to him. Respondents' counsel shall enter a notice of appearance within twenty-one (21) days of entry of this order, but no further response shall be required from respondents until further order of the Court.

The Clerk further shall send a copy of this order to the *pro se* petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

The Clerk additionally shall provide copies of all prior filings herein to both the Attorney General and the Federal Public Defender in a manner consistent with the Clerk's current practice, such as regeneration of notices of electronic filing.

DATED: March 13, 2018.

RICHARD F. BOULWARE, II
United States District Judge