# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

CHARLES ADRIAN FORD,

                                Petitioner,

        v.

STATE OF NEVADA, et al.,

                                Respondents.

Case No. 2:17-cv-00112-RFB-VCF

**ORDER**

This counseled habeas matter comes before the Court on Petitioner Charles Adrian Ford's Motion for Stay and Abeyance (ECF No. 30). Respondents do not oppose (ECF No. 31). Also before the Court is Respondents' Unopposed Motion for Enlargement of Time (ECF No. 32).

Ford challenges his conviction in state court, pursuant to jury trial, of three counts of sexual assault, one count of pandering, and one count of living from the earnings of a prostitute. (ECF No. 26). The Second Amended Petition contends, *inter alia*, that Ford is actually innocent of sexual assault. The actual innocence claim has never been presented to the Nevada state courts because it is based on newly discovered evidence. Ford now seeks a stay and abeyance so that he may exhaust the actual innocence claim in state court.

In Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the district courts' discretion to facilitate habeas petitioners' return to state court to exhaust claims:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, *stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court*. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

Id. at 277 (emphasis added). The Rhines Court further held that a district court would likely abuse

1

its discretion by denying a stay and dismissing a mixed petition "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 278.

The Ninth Circuit has acknowledged that the Rhines "good cause" standard does not require "extraordinary circumstances." Wooten v. Kirkland, 540 F.3d 1019, 1023-24 (9th Cir. 2008) (citing Jackson v. Roe, 425 F.3d 654, 661–62 (9th Cir. 2005)). This Court has declined to prescribe the strictest possible standard for issuance of a stay. E.g., Riner v. Crawford, 415 F. Supp. 2d 1207, 1210 (D. Nev. 2006). "[G]ood cause under Rhines, at least in this Circuit, should not be so strict a standard as to require a showing of some extreme and unusual event beyond the control of the defendant." Id.

Ford argues that good cause exists because his actual innocence claim is based on newly discovered evidence—a witness affidavit as well as recently published news articles. This evidence was not available to him when he was litigating his case in the state courts. Given the potential significance of the newly discovered evidence and its previous unavailability, the Court finds there is good cause to excuse Ford's failure to present his actual innocence claim to the Nevada state courts. The Court further finds that the actual innocence claim is not "plainly meritless," and there is no indication that Ford has engaged in intentionally dilatory litigation tactics. Accordingly, the Court grants Ford's motion.

**IT IS THEREFORE ORDERED:**

1. Petitioner Charles Adrian Ford's unopposed Motion for Stay and Abeyance (ECF No. 30) is GRANTED.

2. This action is STAYED pending exhaustion of the unexhausted actual innocence claim in the Second Amended Petition (ECF No. 26).

3. The stay is conditioned upon Ford litigating a state post-conviction petition or other appropriate proceeding in state court and returning to federal court with a motion to reopen within 45 days of issuance of the remittitur by the Supreme Court of Nevada or Nevada Court of Appeals at the conclusion of the state court proceedings.

4. Respondents' third Unopposed Motion for Enlargement of Time (ECF No. 32) is GRANTED.

5. The Clerk of Court is directed to ADMINISTRATIVELY CLOSE this action, until such time as the Court grants a motion to reopen the matter.

6. The Court will reset the briefing schedule upon reopening the case and lifting the stay.

DATED this 4th day of November, 2019.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE